UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-62049-CIV-MORENO
MAGISTRATE JUDGE P. A. WHITE

KEVIN CLEVELAND HOLAWAY,                :

    Plaintiff,                       :

v.                                       :
                                                   REPORT OF
BROWARD SHERIFF'S OFFICE                 MAGISTRATE JUDGE
DEPARTMENT OF DETENTION, et al          :

    Defendants.                      :
_____

## I. Introduction

The plaintiff Kevin Cleveland Holaway, presently incarcerated at the Broward County Jail, has filed a civil rights complaint pursuant to 42 U.S.C. §1983.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding _in forma pauperis_.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

* * *

>    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>    \* \* \*
>
>    (B) the action or appeal –
>
>    \* \* \*
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff alleges that he is being housed in a cell designed for four inmates, but was increased to six inmates to allow scheduling the majority of inmates to participate in prison programs. He seeks injunctive relief.

The Eighth Amendment requires that, at the minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).[1] Smith v. Wade, 461 U.S. 30 (1983); Redman v. County of San Prison overcrowding in and of itself an Eighth Amendment violation unless it results in the deprivation of basic human needs. Id. at 347-48. The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. Chandler v. Crosby, 379 F.3d 1278, 1289 (11 Cir. 2004). First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). The challenged condition must be "extreme." Id. at 9. While an inmate "need not await a tragic event" before seeking relief, Helling v. McKinney, 509 U.S. 25, 33 (1993), he must at the very least show that a condition of his

---

[1] Because the plaintiff was a pretrial detainee at the time of the events alleged, his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir. 1985).

confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, id. at 35. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to the challenged condition of confinement; it also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. Id. at 36. The second part of the two-part analysis is the "subjective component:" [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson, 503 U.S. at 8 (marks and citation omitted). The proper standard is that of deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 303 (1991). Negligence does not suffice to satisfy this standard, id. at 305, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," Farmer v. Brennan, 511 U.S. 825, 835 (1994). In defining the deliberate indifference standard, the Farmer Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. at 837.

In this case the plaintiff alleges an Eighth Amendment violation because he is housed with a total of six inmates in a cell designed for four. He claims this has led to increased

tension. In order to meet the first prong of the Eighth Amendment test for unconstitutional prison conditions, the plaintiff must show that he was deprived of basic human needs, there was an unreasonable risk of serious damage to his future health or safety and the conditions violate contemporary standards of decency. The plaintiff has alleged only that he is uncomfortable and that there may be a potential for harm; he does not allege that he was personally denied medical care, food or clothing or that he was ever unsafe, or that he has been physically harmed as a result of the added cell mates. The conditions which the plaintiff describes are doubtless uncomfortable, but "the Constitution does not mandate comfortable prisons." <u>Rhodes</u> at 349. The plaintiff has not demonstrated that the uncomfortable, but humane, conditions of confinement violate contemporary standards of decency. The plaintiff has failed to meet the objective prong of the test and, has not stated an Eighth Amendment claim.

Further, the plaintiff has not alleged facts sufficient to meet the second prong of the test for Eighth Amendment challenges to prison conditions. Notably, he has not alleged that any defendant acted with a culpable state of mind or knew of and disregarded an excessive risk to inmate health or safety. The allegations indicate only that there has been increased tension. In sum, the plaintiff has not alleged facts sufficient to show that he has actually been put at serious risk of harm or that any defendant knew he was in such danger. Accordingly, the Undersigned finds that the plaintiff has failed to state a claim on the facts alleged because they fail to establish either part of the test for Eighth Amendment challenges to prison conditions.

III. <u>Conclusion</u>

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 25th day of January, 2010.

                                                                        _____
                                                           UNITED STATES MAGISTRATE JUDGE

cc:  Kevin Cleveland Holaway, <u>Pro Se</u>
     No. 130901922
     Broward County Jail
     Address of record